UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA BOULWARE,<br><br>Plaintiff,<br><br>vs.<br><br>AUDREY KING, et al.,<br><br>Defendants | Case No. 1:13 cv 01539 AWI GSA PC<br><br>FINDINGS AND RECOMMENDATION THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED<br><br>OBJECTIONS DUE IN THIRTY DAYS |

**I.     Screening Requirement**

Plaintiff is a civil detainee prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule  302 pursuant to 28 U.S.C. § 636(b)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

///

1

II.     **Plaintiff's Claims**

Plaintiff is a civil detainee in the custody of the California Department of Mental Health at Coalinga State Hospital.  Plaintiff claims that he is being held involuntarily in violation of the Due Process clause.  Although it is unclear from the complaint, Plaintiff appears to be challenging the validity of his confinement.  Plaintiff seeks release from custody in addition to damages.

A.      **Civil Commitment**

"[C]ivil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." Addington v. Texas, 441 U.S. 418, 425 (1979).  "[I]n certain narrow circumstances," states may "provide for the forcible civil detainment of people who are unable to control their behavior and who thereby pose a danger to the public health and safety." Kansas v. Hendricks, 521 U.S. 346, 357 (1997).  Statutes providing for involuntary civil commitment have been "consistently upheld . . . provided the confinement takes place pursuant to proper procedures and evidentiary standards." Id. (holding that Kansas Sexually Violent Predator Act comports with due process requirements).

The Court finds that the post-commitment procedures set forth in the SVPA do not violate the Due Process Clause of the Fourteenth Amendment.  Although Plaintiff does not specify allege any particular deficiency on the part of evaluators used by CDMH, he does base his claim on the presumption that he is being held illegally.

In civil commitment hearings, the factors relevant in determining whether an individual has been afforded sufficient procedural protections under the due process clause are whether the individual received: 1) written notice; 2) a hearing at which the evidence being relief upon for the commitment is disclosed to the detainee; 3) an opportunity at the hearing for the detainee to be heard in person, to present testimony and documentary evidence, and to cross-examine witnesses called by the state; 4) an independent decision maker; 5) reasoned findings of fact; 6) legal counsel; and 7) effective and timely notice of these rights. Vitek v. Jones, 445 U.S. 480,

494-97 (1980); Carty v. Nelson, 426 F.3d 1064, 1074 (9th Cir. 2005). Plaintiff has not alleged that he was deprived of any of these procedural protections.

Any deficiencies that are alleged on the part of the evaluators do not rise to the level of a due process violation. The evaluators are not the ultimate decision makers who decide whether Plaintiff should continue to be detained. Under the SVPA's scheme, a superior court judge is the ultimate decision maker. The SVPA scheme permits Plaintiff to file a petition in state court for conditional or unconditional release without the recommendation without the recommendation of the evaluators or CDMH. Thus, even if Plaintiff's allegations are proven true and the evaluators hired by CDMH were deficient, the alleged impropriety is of little consequence because Plaintiff can file a petition for release directly to the court and would be entitled to the assistance of an attorney and will have the opportunity to present evidence before a state judge in support of his contention that he is no longer a sexually violent predator within the definition of the SVPA. Presumably, within the petition itself and at any subsequent hearing, Plaintiff will have the opportunity to present evidence in support of his contention that the evaluators' opinions are not worthy of consideration because of their biases. In other words, the SVPA scheme provides for sufficient procedural mechanisms for Plaintiff to challenge the evaluators' conclusions and provides Plaintiff with the opportunity to prove by a preponderance of evidence in a hearing before a state court judge that he no longer qualifies for civil detainment. The Court finds that the procedural protections provided by California's SVPA do not violate due process. Robinson v. Mayberg, No. 09cv346-IEG(POR), 2010 WL 2196564, *7 (S.D. Cal. May 27, 2010)("the procedures for judicial review, set forth in Cal. Welf. & Inst. Code §§ 6605 and 6608, are sufficient to insure that Petitioner's confinement will not continue beyond the point when he no longer suffers from a mental disorder or is no longer dangerous").

Given the SVPA's scheme for obtaining release from civil confinement, Plaintiff has failed to provide a clear explanation of how he suffered any injury. Even if the Court were to assume that the evaluators consistently concluded that Plaintiff was unfit for conditional or unconditional release, that does not foreclose Plaintiff's chance for release. Plaintiff could have

3

utilized the procedures outlined under Section 6608 to challenge the evaluators' conclusions. If Plaintiff believed that the evidence used by the evaluators was unreliable, that the evaluators were biased, or that the actuarial assessment methodologies used were unreliable, Section 6608 provides ample opportunity for Plaintiff to file a petition in state court and present evidence in support of his contentions. The procedural protections offered by 6608 are constitutionally sufficient to protect Plaintiff's liberty interests. Plaintiff's factual allegations fail to support a cognizable claim under the Due Process Clause. Because Plaintiff cannot cure this deficiency, the Court recommends dismissal of this action without leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007)(recognizing longstanding rule that leave to amend should be granted even if no request to amend was made unless the court determines that the pleading could not possibly be cured by the allegation of other facts); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)(pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment).

### III.     Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims Upon which relief may be granted under section 1983. Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim upon which relief could be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S. C. § 636(b)(1)(B). Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time waives all objections to the judge's findings of fact. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1988). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 5, 2014**

**/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE